NUMBER 13-01-259-CR

 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________


HECTOR RIVERA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

_____________________________________________________________


On appeal from the 248th District Court of Montgomery County, Texas.

_____________________________________________________________


O P I N I O N

 

Before Chief Justice Valdez and Justices Hinojosa and Baird (1)

Opinion by Justice Baird


Appellant was charged in a two count indictment with the offense of aggravated sexual assault. Five prior felony
convictions were alleged for the purpose of enhancing the range of punishment. A jury convicted appellant of the charged
offense in each count. Appellant pled true to the enhancement allegations, and the trial court assessed punishment at thirty
years confinement in the Texas Department of Criminal Justice--Institutional Division. Appellant raises two points of
error. We affirm.

I.

The first point of error contends the evidence is factually insufficient to support the jury's verdict on both counts.

A. Standard of Appellate Review.

Under a factual sufficiency review the evidence is viewed in a neutral light, favoring neither party. Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996). In this neutral light, we consider and weigh all the evidence and set aside the
verdict if the evidence is insufficient or if the verdict is so against the great weight and preponderance of the evidence as to
be manifestly unjust, regardless of whether the record contains some evidence of probative force in support of the verdict. 
See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.1986). Under this standard, if the appellant is attacking an adverse
finding on an issue to which he did not have the burden of proof, he must demonstrate that there is insufficient evidence to
support the adverse finding. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

B. Factual Summary.

Appellant was a friend of the complainant's father. As their friendship grew, appellant moved into the complainant's house,
a mobile trailer, and lived there with the complainant, her parents, and her brother(s). The complainant, being the only girl,
had a bedroom to herself. At 2:00 a.m. on the date alleged in the first count of the indictment, the complainant was
awakened when she felt someone underneath her bed covers. That individual inserted his penis in the complainant's
rectum. When the complainant complained of the pain, the rapist then rolled the complainant over and inserted his penis
into her vagina.

Two to three weeks later, the rapist again entered the complainant's bedroom, placed his hand over the complainant's
mouth, took her to the back of the trailer and had sexual intercourse with her as alleged in the second count of the
indictment. 

C. Argument and Analysis.

Appellant does not dispute that someone engaged in illegal sexual relations with the complainant. Instead, appellant argues
the evidence is insufficient to establish his identity as the perpetrator. During her testimony, the complainant was asked
how she identified appellant as the rapist. The following exchange occurred:

Q. Okay, when he turned you over to have sex with you, sexual intercourse with you the second time that night, did you
get a look at his face?

A. Yes, he was in there.

Q. Okay, do you see the man in the courtroom today that attacked you in September of 1998?

A. Yes.

Q. Okay, I want you to identify him so that we all know who you're talking about. I want you to identify him.

A. The man right there, in the white suit and dark tie.

THE STATE: Okay Judge, I'd ask that the record reflect that the victim has identified the defendant, [appellant].

THE COURT: If he's in the courtroom, please point clearly.

THE COMPLAINANT: He's right there. ... He's wearing a white jacket with a --

Q. Okay, what color is his shirt?

A. White.

THE COURT: Let the record so reflect that the witness has identified the defendant. 

Immediately after this identification of appellant, the complainant described the second assault as taking place in "his
room," and otherwise described appellant by use of the masculine pronouns of he and his.

The complainant subsequently made outcry to Alexandro Lopez, and identified appellant as the perpetrator. The
complainant also identified appellant as the rapist in her interview at the Children's Assessment Center. 

Appellant relies heavily on our opinion in Johnson v. State, 978 S.W.2d 703 (Tex. App.-Corpus Christi 1998), aff'd, 23
S.W.3d 1 (Tex. Crim. App. 2000). In that case, we found the evidence factually insufficient to support the sexual assault
conviction because the complainant's in-court identification of the defendant "was not clear and unequivocal." Id. at 707. 
Additionally, the attacker in Johnson was a stranger to the complainant who gave contradictory descriptions of her
assailant. However, in the instant case, the complainant positively identified appellant in court as her attacker, to Lopez and
in her interview to the Children's Assessment Center. And far from being a stranger, appellant was readily known to the
complainant and even lived in the same mobile home. Finally, the complainant's identification was consistent and
unequivocal.

When the evidence in this case is viewed in a neutral light, favoring neither party, we find the jury's verdicts are not so
against the great weight and preponderance of the evidence as to be manifestly unjust. Therefore, we hold the evidence is
factually sufficient as to each count of the indictment. The first point of error is overruled.

II.

The second point of error contends the trial court erred in admitting State's exhibit 10, the business records of the Children's
Assessment Center, wherein the complainant named appellant as the attacker. The State responds that this issue is not
preserved for our review.

When the State moved to admit the complained of exhibit, defense counsel affirmatively stated: "No objections, Your
Honor." The document was then admitted into evidence. (2) The State argues the same scenario occurred in Moody v. State,
827 S.W.2d 875, 889 (Tex. Crim. App. 1992), and the court of criminal appeals held the error, if any, was waived. We
have reviewed the holding in Moody; it is on point and controlling. Therefore, this issue has not been preserved for our
review. Accordingly, the second point of error is overruled.

The judgment of the trial court is affirmed.

 

_______________________________

Charles F. Baird

Justice 

 

Do Not Publish.

Tex. R. App. P. 47.3. (b).



Opinion delivered and filed

this 24th day of January, 2002.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Prior to the testimony of this witness, appellant filed a motion in limine seeking to delete appellant's name from the
exhibit. The trial judge granted the motion only so far as it described appellant as being in jail. Our law is clear that a
ruling on a motion in limine does not preserve error. Harnett v. State, 38 S.W.3d 650, 655 (Tex. App.-Austin 2000, pet.
ref'd).