**Opinion filed July 15, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00243-CR

_____

## TYRONE LAMONT JOHNSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 20,900**

### M E M O R A N D U M   O P I N I O N

The jury convicted Tyrone Lamont Johnson of the offense of felony driving while intoxicated. Upon appellant's plea of true to an enhancement allegation, the trial court assessed punishment at confinement for ten years. We affirm.

Appellant presents two issues. In the first, he contends that the trial court erred in failing to conduct a *Kelly-Daubert* hearing[1] on the admissibility of the horizontal gaze nystagmus (HGN) test, the field sobriety tests, and the portable breath test. In the second issue, appellant

---

[1]*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992).

complains that the trial court erred in admitting evidence regarding these tests because the State failed to show by clear and convincing evidence that such evidence was reliable and relevant evidence of appellant's intoxication.

The record shows that, after the time period prescribed by the trial court for filing pretrial motions and after appearing and announcing that he had no pretrial motions, appellant filed pretrial motions to suppress evidence of the HGN test, the field sobriety tests, and the portable breath test. In the motions, appellant challenged the admissibility of the evidence relating to these tests under TEX. R. EVID. 702, which provides for the admission of expert testimony when scientific, technical, or specialized knowledge will assist the trier of fact. Though appellant did not bring these motions to the attention of the trial court prior to trial, he objected and requested a hearing outside the jury's presence when the State offered a DVD of appellant's traffic stop. The trial court excused the jury and discussed the matter with the attorneys outside the jury's presence. Ultimately, the trial court expressed frustration with appellant's counsel for failing to bring this matter to the trial court's attention before the jury was seated, but the court nevertheless heard arguments from the attorneys and took a recess to review the DVD outside the presence of the jury. Upon reconvening, the trial court overruled appellant's objections and admitted the DVD into evidence.

When scientific evidence is offered, Rule 702 requires that a trial court act as a gatekeeper to ensure that such evidence is relevant and reliable. *Daubert*, 509 U.S. at 589; *Hernandez v. State*, 116 S.W.3d 26 (Tex. Crim. App. 2003); *Kelly*, 824 S.W.2d at 573. The proponent of the evidence must prove by clear and convincing evidence, outside the presence of the jury, that the evidence is reliable, which requires proof that the underlying scientific theory is valid, that the technique applying the theory is valid, and that the technique was properly applied on the occasion in question. *Kelly*, 824 S.W.2d at 573. However, a trial court is "not required to re-invent the scientific wheel in every trial." *Hernandez*, 116 S.W.3d at 28-29. Once the reliability of a scientific theory has been determined by a court, other courts may take judicial notice of its validity and need not conduct another adversarial gatekeeping hearing. *Id.* at 29.

With respect to the first and second *Kelly* requirements, the Texas Court of Criminal Appeals has taken judicial notice of the validity of both the scientific theory of HGN and the standard technique used to administer the HGN test. *Emerson v. State*, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994). Thus, the trial court need not have revisited those issues.

As for the third *Kelly* requirement, any error in failing to hold a hearing outside the jury's presence was harmless under TEX. R. APP. P. 44.2(b) because the testimony of Trooper Tim Pitts, the DPS trooper who administered the HGN test to appellant, satisfied the third *Kelly* requirement and proved that the HGN evidence was reliable in this case. *See Jackson v. State*, 17 S.W.3d 664, 672 (Tex. Crim. App. 2000) (holding that, even though the trial court refused to hold a hearing outside the jury's presence and abandoned its gatekeeping function with respect to the last two *Kelly* requirements, "the error was harmless because the State's DNA evidence was in fact reliable"). Trooper Pitts testified that he was certified to administer the HGN test. He also testified regarding his training and experience in conducting the HGN test and explained to the jury what nystagmus is and how the test works. Trooper Pitts then testified that he attempted to conduct the HGN test but that he could not get valid results because appellant refused to follow the trooper's instructions. As stated in *Jackson*, "Because the court's failure to hold a hearing outside the jury's presence did not result in the admission of unreliable evidence, the error did not have 'a substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 672 (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Following *Jackson*, we hold that any error in failing to conduct a more thorough *Kelly-Daubert* hearing outside the jury's presence was harmless because the HGN evidence was shown to be reliable and admissible. The trial court did not abuse its discretion in admitting evidence related to the HGN test.

Appellant also complains of the lack of a hearing and the admission of evidence regarding the standard, physical field sobriety tests that he performed. The record shows that appellant performed the walk-and-turn test and the one-leg stand test, which are both standardized field sobriety tests in Texas. An officer's testimony about a person's coordination, balance, and mental agility exhibited during the walk-and-turn and the one-leg stand tests are observations grounded in common knowledge. *Plouff v. State*, 192 S.W.3d 213, 223 (Tex. App.—Houston [14th Dist.] 2006, no pet.). As such, the officer's testimony constitutes lay testimony under TEX. R. EVID. 701, rather than expert testimony under Rule 702. *Id.* Trooper Pitts's testimony regarding the walk-and-turn test and the one-leg stand test was lay testimony, not expert scientific or technical evidence. Thus, the trial court did not err in failing to hold a *Kelly-Daubert* hearing regarding the admissibility of these tests. Evidence of appellant's performance on these standardized field sobriety tests was properly admitted.

Next, we address the lack of a hearing and the admission of evidence regarding the portable breath test. The record shows that, although appellant filed a pretrial motion to suppress any evidence of the portable breath test based upon Rule 702, appellant did not bring the motion to the attention of the trial court and did not object during trial to the admission of evidence relating to the portable breath test. The record shows that appellant's counsel objected as follows at trial:

> I am requesting that, prior to any mention of the HGN, any prior testimony to the walk-and-turn, and any testimony of the one-leg stand, in fact, be done outside the presence of the jury so that the court, as the gatekeeper, can determine the admissibility of that information.

Appellant's counsel made no mention of the portable breath test in her objections or her request for the trial court to perform its gatekeeping function. Thus, with respect to the portable breath test, appellant's issues have not been preserved for review. TEX. R. APP. P. 33.1(a); *Harnett v. State*, 38 S.W.3d 650, 657 (Tex. App.—Austin 2000, pet. ref'd). We note that Trooper Pitts testified that he had been trained in the use of the portable breath test, that he administered the test to appellant, and that appellant failed. Trooper Pitts did not testify as to the specific results of the portable breath test or give any testimony regarding the quantity of alcohol present in appellant's breath. Appellant's issues are overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


July 15, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4