Opinion filed July 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00243-CR 

                                                    __________

 

                          TYRONE
LAMONT JOHNSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                    On
Appeal from the 91st District Court

 

                                                          Eastland
County, Texas

 

                                                     Trial
Court Cause No. 20,900

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Tyrone Lamont Johnson of the offense of felony driving while
intoxicated.  Upon appellant’s plea of true to an enhancement allegation, the
trial court assessed punishment at confinement for ten years.  We affirm.  

            Appellant
presents two issues.  In the first, he contends that the trial court erred in
failing to conduct a Kelly-Daubert hearing[1]
on the admissibility of the horizontal gaze nystagmus (HGN) test, the field
sobriety tests, and the portable breath test.  In the second issue, appellant
complains that the trial court erred in admitting evidence regarding these
tests because the State failed to show by clear and convincing evidence that
such evidence was reliable and relevant evidence of appellant’s intoxication.  

            The
record shows that, after the time period prescribed by the trial court for
filing pretrial motions and after appearing and announcing that he had no
pretrial motions, appellant filed pretrial motions to suppress evidence of the
HGN test, the field sobriety tests, and the portable breath test.  In the
motions, appellant challenged the admissibility of the evidence relating to
these tests under Tex. R. Evid.
702, which provides for the admission of expert testimony when scientific,
technical, or specialized knowledge will assist the trier of fact.  Though
appellant did not bring these motions to the attention of the trial court prior
to trial, he objected and requested a hearing outside the jury’s presence when
the State offered a DVD of appellant’s traffic stop. The trial court excused
the jury and discussed the matter with the attorneys outside the jury’s
presence.  Ultimately, the trial court expressed frustration with appellant’s
counsel for failing to bring this matter to the trial court’s attention before the
jury was seated, but the court nevertheless heard arguments from the attorneys
and took a recess to review the DVD outside the presence of the jury.  Upon
reconvening, the trial court overruled appellant’s objections and admitted the
DVD into evidence.

            When
scientific evidence is offered, Rule 702 requires that a trial court act as a
gatekeeper to ensure that such evidence is relevant and reliable.  Daubert,
509 U.S. at 589; Hernandez v. State, 116 S.W.3d 26 (Tex. Crim. App.
2003); Kelly, 824 S.W.2d at 573.  The proponent of the evidence must
prove by clear and convincing evidence, outside the presence of the jury, that
the evidence is reliable, which requires proof that the underlying scientific
theory is valid, that the technique applying the theory is valid, and that the
technique was properly applied on the occasion in question.  Kelly, 824
S.W.2d at 573.  However, a trial court is “not required to re-invent the
scientific wheel in every trial.”  Hernandez, 116 S.W.3d at 28-29.  Once
the reliability of a scientific theory has been determined by a court, other
courts may take judicial notice of its validity and need not conduct another
adversarial gatekeeping hearing.  Id. at 29.  

            With
respect to the first and second Kelly requirements, the Texas Court of
Criminal Appeals has taken judicial notice of the validity of both the
scientific theory of HGN and the standard technique used to administer the HGN
test.  Emerson v. State, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994). 
Thus, the trial court need not have revisited those issues.  

As
for the third Kelly requirement, any error in failing to hold a hearing
outside the jury’s presence was harmless under Tex. R. App. P. 44.2(b) because the testimony of Trooper Tim
Pitts, the DPS trooper who administered the HGN test to appellant, satisfied the
third Kelly requirement and proved that the HGN evidence was reliable in
this case.  See Jackson v. State, 17 S.W.3d 664, 672 (Tex. Crim. App.
2000) (holding that, even though the trial court refused to hold a hearing
outside the jury’s presence and abandoned its gatekeeping function with respect
to the last two Kelly requirements, “the error was harmless because the
State’s DNA evidence was in fact reliable”).  Trooper Pitts testified that he
was certified to administer the HGN test.  He also testified regarding his
training and experience in conducting the HGN test and explained to the jury
what nystagmus is and how the test works.  Trooper Pitts then testified that he
attempted to conduct the HGN test but that he could not get valid results
because appellant refused to follow the trooper’s instructions.  As stated in Jackson,
“Because the court’s failure to hold a hearing outside the jury’s presence did
not result in the admission of unreliable evidence, the error did not have ‘a
substantial and injurious effect or influence in determining the jury’s
verdict.’”  Id. at 672 (quoting King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997)).  Following Jackson, we hold that any error
in failing to conduct a more thorough Kelly-Daubert hearing outside the
jury’s presence was harmless because the HGN evidence was shown to be reliable
and admissible.  The trial court did not abuse its discretion in admitting
evidence related to the HGN test.  

            Appellant
also complains of the lack of a hearing and the admission of evidence regarding
the standard, physical field sobriety tests that he performed.  The record
shows that appellant performed the walk-and-turn test and the one-leg stand
test, which are both standardized field sobriety tests in Texas.  An officer’s
testimony about a person’s coordination, balance, and mental agility exhibited
during the walk-and-turn and the one-leg stand tests are observations grounded
in common knowledge.  Plouff v. State, 192 S.W.3d 213, 223 (Tex.
App.—Houston [14th Dist.] 2006, no pet.).  As such, the officer’s testimony constitutes
lay testimony under Tex. R. Evid.
701, rather than expert testimony under Rule 702.  Id.  Trooper Pitts’s
testimony regarding the walk-and-turn test and the one-leg stand test was lay
testimony, not expert scientific or technical evidence.  Thus, the trial court did
not err in failing to hold a Kelly-Daubert hearing regarding the
admissibility of these tests.  Evidence of appellant’s performance on these
standardized field sobriety tests was properly admitted.  

            Next,
we address the lack of a hearing and the admission of evidence regarding the
portable breath test.  The record shows that, although appellant filed a
pretrial motion to suppress any evidence of the portable breath test based upon
Rule 702, appellant did not bring the motion to the attention of the trial
court and did not object during trial to the admission of evidence relating to
the portable breath test.  The record shows that appellant’s counsel objected
as follows at trial:  

I am requesting
that, prior to any mention of the HGN, any prior testimony to the walk-and-turn,
and any testimony of the one-leg stand, in fact, be done outside the presence
of the jury so that the court, as the gatekeeper, can determine the admissibility
of that information.

 

Appellant’s
counsel made no mention of the portable breath test in her objections or her
request for the trial court to perform its gatekeeping function.  Thus, with
respect to the portable breath test, appellant’s issues have not been preserved
for review.  Tex. R. App. P.
33.1(a); Harnett v. State, 38 S.W.3d 650, 657 (Tex. App.—Austin 2000,
pet. ref’d).  We note that Trooper Pitts testified that he had been trained in
the use of the portable breath test, that he administered the test to
appellant, and that appellant failed.  Trooper Pitts did not testify as to the specific
results of the portable breath test or give any testimony regarding the
quantity of alcohol present in appellant’s breath.  Appellant’s issues are
overruled.

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

July 15, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                        [1]Daubert
v. Merrell Dow Pharms., Inc., 509 U.S.
579 (1993); Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992).