NUMBER 13-10-00266-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

FRANCIS FLOOD,                                                                 Appellant,

 

v.

 

THE STATE OF TEXAS,                                    Appellee.

                                                                     


 

On appeal from the 2nd
25th District Court

of Gonzales County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

            By
three issues, appellant, Francis Flood, argues that the trial court erred when
it allowed a witness to testify because:  (1) the witness improperly provided
expert testimony despite being called as a lay witness; (2) the State failed to
give proper notice that this witness would testify as an expert; and (3) the
State failed to lay the proper predicate for the witness’s testimony.  We
affirm.

I.  Background

            Flood
was indicted on four counts each of aggravated sexual assault of a child and
indecency with a child by contact.  See Tex.
Penal Code Ann. §§ 22.021, 21.11 (West Supp. 2010).  During the jury
trial on these offenses, the State called Tiffany Rankin, executive director
and forensic interviewer for the Children’s Advocacy Center in Gonzales, Texas
to the stand.  Rankin videotaped an interview with the alleged child victim in
this case, C.K., after she made an outcry to her mother and her doctor.  

During
Rankin’s direct examination, the prosecution asked her about her educational
background.  Flood’s counsel, Noel H. Reese, objected and asked to approach the
bench, where the following exchange occurred outside the presence of the jury:

REESE:         Your
honor, before we get into her background and asking her to testify as an expert
witness, we were not given notice on that.  We were the ones that subpoenaed
her for the sole purpose of proving up the video she took.  So if he’s going—

 

STATE:          I’m
going to use her to prove up the video, your Honor.  I’m not going to get into
any area of expertise.  I’ve told Defense Counsel I relied on their subpoena. 
They’re the ones who subpoenaed her; I didn’t.

            

JUDGE:         He—you can do it.

 

STATE:          But
they’ve at least got the right to know who she is, she can explain herself in
the capacity of her job.  They have to have some background on of [sic] how she
ended up in this position, and based on her training and experience, she can
opine on observations.

 

REESE:         But
according to the rules, you did not give us 20 days notice that she was going
to be testifying as an expert.

 

STATE:          I’m
not calling her as an expert, Judge.

 

REESE:         If
she’s going to opine about stuff, she’s being called as an expert.

 

STATE:          We
haven’t gotten there yet, Judge.

 

COURT:         When
we get there, I’ll decide; but you can do what you’re—what he’s talking about. 
I think he’s right on the point.

 

STATE:          Yeah,
I agree.

 

COURT:         Keep
it clean.

 

STATE:
        I’m not going to do anything that’s going to open the envelope.

 

COURT:         Keep
it clean.

 

            The
State proceeded to ask Rankin about her education background and work
experience.  Rankin went on to explain her responsibilities in her present
position:

RANKIN:        As
a forensic interviewer that—when a child is brought to the advocacy Center
through a referring agency, I talk to the child in—in a private setting, in a
child[-]friendly setting, make them as comfortable as possible to tell what may
or may not have happened to them.

 

STATE:          Okay,
and you say what may or may not have happened.  Do children tell you stories or
lack of stories?

 

REESE:         Your
honor, I’m going to object to this line of testimony.  I don’t think it’s
appropriate.

 

COURT:         I’m
going to allow it.  Overruled.

 

STATE:          What’s
the purpose of the interview?

 

RANKIN:        The
purpose of the interview is the child has been brought to the center . . .
because there’s believed to be some sort of abuse . . . by someone.

 

Rankin
then proceeded to testify about the procedure that children follow when they
arrive at the Children’s Advocacy Center, the room in which the children are
interviewed, the recording equipment used to videotape the interview, and the
events leading up to C.K.’s interview.  Through her testimony, the State laid
the proper predicate to request the court to admit the video of C.K.’s
interview into evidence.   The video was admitted into evidence without
objection.  

The
jury found Flood guilty on all eight indicted charges, and sentenced him to
life in prison at the Texas Department of Criminal Justice—Institutional
Division.  See Tex. Penal Code Ann.
§ 12.32 (West Supp. 2010).  This appeal followed.

II.  Analysis

 

A.        Expert
vs. Lay Witness Testimony        

By
his first issue, Flood contends that Rankin provided improper expert
testimony.  “The admissibility of evidence generally, and the qualifications of
a witness to testify as an expert or as a lay witness, are within the
discretion of the trial court.”  Harnett v. State, 38 S.W.3d 650, 657
(Tex. App.—Austin 2000, no pet.); see Tex.
R. Evid. 104(a).  The trial court’s decision will not be overturned on
appeal absent a showing that the court abused its discretion.  See Harnett,
38 S.W.3d at 657; Ventroy v. State, 917 S.W.2d 419, 422 (Tex. App.—San
Antonio 1996, pet. ref'd).

The Texas Court of Criminal Appeals dealt with a similar issue
in Osbourn v. State.  92 S.W.3d 535 (Tex. Crim. App. 2002). In Osbourn,
the court considered whether a police officer had to be qualified as an expert
before testifying how he recognized the smell of marihuana emanating from a
vehicle.  In analyzing the issue, the court stated the following:

Both lay and expert
witnesses can offer opinion testimony.  Rule 701 covers the more traditional
witness—one who “witnessed” or participated in the events about which he or she
is testifying—while Rule 702 allows for a witness who was brought in as an
expert to testify. . . .  When a witness who is capable of being qualified as
an expert testifies regarding events which he or she personally perceived, the
evidence may be admissible as both Rule 701 opinion testimony and Rule 702
expert testimony.

 

Id.
at
536.  The court summarized that experts are not precluded from offering lay
testimony regarding events which they have personally observed.  Id. 

             Here,
although Flood argues that Rankin was an expert, she did not offer an opinion
about C.K.’s interview based on her expertise.  Rankin simply testified about
where she interviewed C.K., the recording process, and the steps leading up to
C.K.’s videotaped interview.  This testimony was based on the events she
personally observed.  See Tex. R.
Evid. 701 (explaining
that lay testimony is “(a) rationally based on the perception of the witness
and (b) helpful to a clear understanding of the witness’[s] testimony or the
determination of a fact in issue.”); Osbourn, 92
S.W.3d at 536.  Rankin’s testimony did not, as Flood contends, rely on her
knowledge, skill, experience, training, or education as a forensic interviewer
of child abuse victims.  See Tex.
R. Evid. 702.  For example, Rankin did not opine about whether C.K.
exhibited any physical or behavioral manifestations of a child abuse victim, or
whether she believed C.K. was telling the truth about her sexual experiences
with Flood.  See Yount v. State, 872 S.W.2d 706, 708–10 (Tex. Crim. App.
1993).  To the extent that Flood argues that Rankin improperly testified about
“children’s stories or lack of stories,” the record clearly shows that Rankin
never answered that question.  Instead, the State asked Rankin a different
question before she responded.  

In light of the foregoing, we hold that the trial court did not
abuse its discretion when it found that Rankin testified as a lay witness.  See
Harnett, 38 S.W.3d at
657.  We overrule Flood’s first issue.  

B.        Failure
to Provide Proper Notice

            By
his second issue, Flood argues that the State failed to provide proper notice
that Rankin would testify as an expert.  Texas Code of Criminal Procedure
article 39.14(b) requires that experts be designated as follows:

On motion of a party and on notice to
the other parties, the court in which an action is pending may order one or
more of the other parties to disclose to the party making the motion the name
and address of each person the other party may use at trial to present evidence
under Rules 702, 703, and 705, Texas Rules of Evidence.  The court shall
specify in the order the time and manner in which the other party must make the
disclosure to the moving party, but in specifying the time in which the other
party shall make disclosure the court shall require the other party to make the
disclosure not later than the 20th day before the date the trial begins.  

 

Tex. Code Crim. Proc. Ann.
art. 39.14(b) (West Supp. 2010).  We previously concluded, however, that the
trial court did not abuse its discretion when it admitted Rankin’s testimony as
lay witness testimony under Texas Rule of Evidence 701, as opposed to expert
testimony under Rule 702.  See Tex.
R. Evid. 701, 702; Harnett, 38 S.W.3d at 657.  Accordingly, the prosecution
was not required to give Flood twenty days’ notice of Rankin’s testimony under
article 39.14 given that Rankin was a lay witness and not an expert witness.  See
Tex. Code Crim. Proc. Ann. art.
39.14(b).  We overrule Flood’s second issue.  

C.        Failure
to Lay Proper Predicate

            Flood’s third issue argues that the
State failed to lay the proper evidentiary predicate for Rankin to testify as
an expert.  See Tex. R. Evid.
702.  Again, because we have concluded that the trial court did not abuse its
discretion when it admitted Rankin’s testimony as lay testimony, there was no
need for the State to lay an expert predicate.  Id.  Accordingly, we
overrule Flood’s third issue.

III.  Conclusion

            Having
overruled all of Flood’s issues, we affirm the trial court’s judgment.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Do not publish.

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

14th day of July, 2011.