NO. 12-07-00063-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




LEDALE DEQUAN KELLEY,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 


MEMORANDUM OPINION


 Ledale Dequan Kelley appeals his conviction for aggravated robbery, for which he was
sentenced to imprisonment for twenty-five years. In two issues, Appellant contends that, during his
trial on punishment, the trial court erred in permitting the introduction of harmful evidence and he
received ineffective assistance of counsel. We affirm.


Background Appellant was charged by indictment with aggravated robbery. Appellant pleaded "guilty"
to the aggravated robbery charge and pleaded "true" to the "deadly weapon" enhancement allegation
contained in the indictment. The trial court found Appellant "guilty" as charged and further found
the enhancement allegation to be "true." The matter proceeded to a jury trial on punishment. 
Ultimately, the jury assessed Appellant's punishment at imprisonment for twenty-five years. The
trial court sentenced Appellant accordingly, and this appeal followed.


Admissibility of Testimony

 In his first issue, Appellant contends that the trial court erred in admitting testimony in
violation of Texas Rules of Evidence 404, 602, and 802. Specifically, Appellant argues that the
following exchange between the prosecuting attorney and Detective Gerald Caldwell of the Smith
County Sheriff's Department is the source of such error:


 Q. Detective, among other things that we've already discussed, and we're not going
to go back over, one of the - one of the main points, the main things that
[Appellant] told you and was completely consistent about the entire time you were
talking was that he did not shoot?

 

 A. That's correct.

 

 ....

 

 Q. There was one point that [Appellant] was completely consistent about the entire
time; fair to say?

 

 A. Yes, sir.

 

 Q. That he did not shoot that firearm, his firearm, the one that he normally carries on
him anyway?


 A. Yes.


 Q. Did that story ever change?


 A. Not to me, it didn't.


 Q. But did it change?

 

 A. Yes.


 Q. Did he eventually admit to firing this weapon?

 

 A. Yes, to another detective, crime scene detective.


 Q. And are you aware of why he finally made that admission?


 A. I believe at the time he was doing the gunpowder residue test on his hands.


 Q. So when it came to his attention that an actual test was going to be performed on
him to make sure to see whether or not he fired a gun, that's when he opened up
and said, "Well, okay, yeah, I did fire a gun"?


 A. That's what the detective told me.

 

 Q. And I know we've been through it twice, but now we've seen the entire incidence - the
entirety of the interview, after watching the entire interview again and remembering what
occurred when you were actually there on February 23rd, has your opinion changed of the
defendant's demeanor throughout the entire interview?


 A. No, it hasn't.

However, Appellant concedes that his trial counsel failed to make any objection to the trial court
concerning this alleged error. See Tex. R. App. P. 33.1(a); Martinez v. State, 91 S.W.3d 331,
335-36 (Tex. Crim. App. 2002) (Rule 33.1 is a "judge-protecting" rule of error preservation, the
basic principle of which is "party responsibility."). 

 Appellant next argues that the State's eliciting such testimony from Caldwell amounted to
a violation of Appellant's motion in limine. Although Appellant's contention may be accurate, it
is axiomatic that a motion in limine does not preserve error. See Harnett v. State, 38 S.W.3d 650,
655 (Tex. App.-Austin 2000, pet. ref'd); see also Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim.
App. 2003); Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988); Maynard v. State, 685
S.W.2d 60, 64 (Tex. Crim. App. 1985). This is true whether the motion is granted or denied. 
Harnett, 38 S.W.3d at 655 (citing Willis v. State, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989);
Webb, 760 S.W.2d at 275)). A ruling on a motion in limine does not purport to be one on the merits,
but one regarding the administration of the trial. Harnett, 38 S.W.3d at 655. The remedy for a
violation of a ruling on a motion in limine rests with the trial court. Id. (citing Brazzell v. State, 481
S.W.2d 130, 131 (Tex. Crim. App. 1972); Wade v. State, 814 S.W.2d 763, 765 (Tex. App.-Waco
1991, no pet.)). Even if there has been a violation of the order on the motion in limine, it was
incumbent that Appellant object to the admission or exclusion of evidence or other action in order
to preserve error for appeal. See Harnett, 38 S.W.3d at 655. 

 Appellant further contends that the egregious nature of the testimony offered presents a
"fundamental error" such that Appellant's failure to timely object is excused. Specifically, Appellant
argues that the matters admitted into evidence of which he complains amounted to a denial of his
rights of confrontation, his due process rights, and his rights against self-incrimination. Yet,
Appellant's statement that admitting such evidence violates his due process rights and constitutes
fundamental error that may be raised for the first time on appeal is not supported by further
argument. Indeed, the Texas Court of Criminal Appeals has consistently held that the failure to
object in a timely and specific manner during trial forfeits complaints about the admissibility of
evidence, even when the error may concern a defendant's constitutional rights. See Saldano v. State,
70 S.W.3d 873, 889 (Tex. Crim. App. 2002); Ostigin v. State, No. 14-03-01081-CR, 2005 WL
1430924, at *1 (Tex. App.-Houston [14th Dist.] June 21, 2005, no pet.) (mem. op., not designated
for publication); see also Tex. R. Evid. 103(a)(1) (providing that error may not be predicated upon
a ruling admitting evidence unless a substantial right of the party is affected and a timely objection
or motion to strike appears of record, stating the specific ground or objection, if the specific ground
was not apparent from the context).

 All but the most fundamental rights may be forfeited if not insisted upon by the party to
whom they belong. See Saldano, 70 S.W.3d at 887. An exception applies to two "relatively small"
categories of errors: (1) violations of waivable-only rights; and (2) denials of absolute, systemic
requirements. See Aldrich v. State, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); Saldano, 70
S.W.3d at 888. Examples of rights that are waivable-only include the right to the assistance of
counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial
preparation that a statute specifically made waivable-only. Aldrich, 104 S.W.3d at 895. Examples
of absolute, systemic requirements include jurisdiction of the person, jurisdiction of the subject
matter, and a penal statute's being in compliance with the "separation of powers" section of the state
constitution. See id.

 That the State refrain from introducing evidence that violates evidentiary rules is neither an
absolute, systemic requirement nor a right that is waivable-only. See Saldano, 70 S.W.3d at 889-90
(holding appellant waived complaint that admission of expert testimony violated his equal protection
rights when he failed to object below); see also Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim.
App. 1993), overruled on other grounds, Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997)
(acknowledging that most evidentiary and procedural rights are rights that are implemented by
request only). Therefore, even assuming the trial court erred in admitting the evidence of which
Appellant now complains, any error was not fundamental error. See Saldano, 70 S.W.3d at 890; 
Ostigin, 2005 WL 1430924, at *2; see also Moore v. State, 935 S.W.2d 124, 130 (Tex. Crim. App.
1996) (holding admission of hearsay not fundamental error); Smith v. State, 961 S.W.2d 501, 506
(Tex. App.-San Antonio 1997, no pet.) (holding admission of evidence of extraneous offenses not
fundamental error); Heiman v. State, 923 S.W.2d 622, 624 (Tex. App.-Houston [1st Dist.] 1995,
pet. ref'd) (same). Accordingly, we hold that Appellant has preserved nothing for us to review. 
Appellant's first issue is overruled.


Ineffective Assistance of Counsel

 In his second issue, Appellant contends that he received ineffective assistance of counsel at
his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective because
he (1) failed to object to the testimony set forth in Appellant's first issue or otherwise preserve error
for appeal, (2) file and urge pretrial motions in limine regarding any alleged out of court statement
or admission by Appellant, and (3) object or otherwise preserve error as to the resulting improper
jury argument made by the State regarding Appellant's alleged improperly admitted statements.

 Claims of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The
first step requires the appellant to demonstrate that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial
counsel's representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.

 To satisfy the Strickland standard, the appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.-Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous
other cases with inadequate records to support ineffective assistance claim). A record that
specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an
ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.]
1994, pet. ref'd).

 In the case at hand, Appellant notes in his brief instances of his attorney's allegedly poor
performance at trial. Yet, the record is silent as to the reasons underlying Appellant's counsel's
alleged ineffective acts and omissions during the trial of the case at hand. As a result, Appellant
cannot overcome the strong presumption that his counsel performed effectively. Therefore, we hold
that Appellant has not met the first prong of Strickland because the record does not contain evidence
concerning Appellant's trial counsel's reasons for choosing the course he did. Thus, we cannot
conclude that Appellant's trial counsel was ineffective. Appellant's second issue is overruled.


Disposition

 Having overruled Appellant's first and second issues, we affirm the trial court's judgment.




 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered June 30, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.









(DO NOT PUBLISH)