# NO. 12-07-00063-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEDALE DEQUAN KELLEY,*<br>*APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Ledale Dequan Kelley appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for twenty-five years. In two issues, Appellant contends that, during his trial on punishment, the trial court erred in permitting the introduction of harmful evidence and he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated robbery. Appellant pleaded "guilty" to the aggravated robbery charge and pleaded "true" to the "deadly weapon" enhancement allegation contained in the indictment. The trial court found Appellant "guilty" as charged and further found the enhancement allegation to be "true." The matter proceeded to a jury trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for twenty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

### ADMISSIBILITY OF TESTIMONY

In his first issue, Appellant contends that the trial court erred in admitting testimony in violation of Texas Rules of Evidence 404, 602, and 802. Specifically, Appellant argues that the

following exchange between the prosecuting attorney and Detective Gerald Caldwell of the Smith County Sheriff's Department is the source of such error:

Q. Detective, among other things that we've already discussed, and we're not going to go back over, one of the – one of the main points, the main things that [Appellant] told you and was completely consistent about the entire time you were talking was that he did not shoot?

A. That's correct.

....

Q. There was one point that [Appellant] was completely consistent about the entire time; fair to say?

A. Yes, sir.

Q. That he did not shoot that firearm, his firearm, the one that he normally carries on him anyway?

A. Yes.

Q. Did that story ever change?

A. Not to me, it didn't.

Q. But did it change?

A. Yes.

Q. Did he eventually admit to firing this weapon?

A. Yes, to another detective, crime scene detective.

Q. And are you aware of why he finally made that admission?

A. I believe at the time he was doing the gunpowder residue test on his hands.

Q. So when it came to his attention that an actual test was going to be performed on him to make sure to see whether or not he fired a gun, that's when he opened up and said, "Well, okay, yeah, I did fire a gun"?

A. That's what the detective told me.

Q. And I know we've been through it twice, but now we've seen the entire incidence – the entirety of the interview, after watching the entire interview again and remembering what occurred when you were actually there on February 23rd, has your opinion changed of the defendant's demeanor throughout the entire interview?

A. No, it hasn't.

However, Appellant concedes that his trial counsel failed to make any objection to the trial court

2

concerning this alleged error. *See* TEX. R. APP. P. 33.1(a); *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002) (Rule 33.1 is a "judge-protecting" rule of error preservation, the basic principle of which is "party responsibility.").

Appellant next argues that the State's eliciting such testimony from Caldwell amounted to a violation of Appellant's motion in limine. Although Appellant's contention may be accurate, it is axiomatic that a motion in limine does not preserve error. *See Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.–Austin 2000, pet. ref'd); *see also Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988); *Maynard v. State*, 685 S.W.2d 60, 64 (Tex. Crim. App. 1985). This is true whether the motion is granted or denied. *Harnett*, 38 S.W.3d at 655 (citing *Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989); *Webb*, 760 S.W.2d at 275)). A ruling on a motion in limine does not purport to be one on the merits, but one regarding the administration of the trial. *Harnett*, 38 S.W.3d at 655. The remedy for a violation of a ruling on a motion in limine rests with the trial court. *Id.* (citing *Brazzell v. State*, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972); *Wade v. State*, 814 S.W.2d 763, 765 (Tex. App.–Waco 1991, no pet.)). Even if there has been a violation of the order on the motion in limine, it was incumbent that Appellant object to the admission or exclusion of evidence or other action in order to preserve error for appeal. *See Harnett*, 38 S.W.3d at 655.

Appellant further contends that the egregious nature of the testimony offered presents a "fundamental error" such that Appellant's failure to timely object is excused. Specifically, Appellant argues that the matters admitted into evidence of which he complains amounted to a denial of his rights of confrontation, his due process rights, and his rights against self-incrimination. Yet, Appellant's statement that admitting such evidence violates his due process rights and constitutes fundamental error that may be raised for the first time on appeal is not supported by further argument. Indeed, the Texas Court of Criminal Appeals has consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence, even when the error may concern a defendant's constitutional rights. *See Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002); *Ostigin v. State*, No. 14-03-01081-CR, 2005 WL 1430924, at *1 (Tex. App.–Houston [14th Dist.] June 21, 2005, no pet.) (mem. op., not designated for publication); *see also* TEX. R. EVID. 103(a)(1) (providing that error may not be predicated upon a ruling admitting evidence unless a substantial right of the party is affected and a timely objection

or motion to strike appears of record, stating the specific ground or objection, if the specific ground was not apparent from the context).

All but the most fundamental rights may be forfeited if not insisted upon by the party to whom they belong. *See Saldano*, 70 S.W.3d at 887. An exception applies to two "relatively small" categories of errors: (1) violations of waivable-only rights; and (2) denials of absolute, systemic requirements. *See Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Saldano*, 70 S.W.3d at 888. Examples of rights that are waivable-only include the right to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation that a statute specifically made waivable-only. *Aldrich*, 104 S.W.3d at 895. Examples of absolute, systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, and a penal statute's being in compliance with the "separation of powers" section of the state constitution. *See id.*

That the State refrain from introducing evidence that violates evidentiary rules is neither an absolute, systemic requirement nor a right that is waivable-only. *See Saldano*, 70 S.W.3d at 889–90 (holding appellant waived complaint that admission of expert testimony violated his equal protection rights when he failed to object below); *see also Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) (acknowledging that most evidentiary and procedural rights are rights that are implemented by request only). Therefore, even assuming the trial court erred in admitting the evidence of which Appellant now complains, any error was not fundamental error. *See Saldano*, 70 S.W.3d at 890; *Ostigin*, 2005 WL 1430924, at *2; *see also Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996) (holding admission of hearsay not fundamental error); *Smith v. State*, 961 S.W.2d 501, 506 (Tex. App.–San Antonio 1997, no pet.) (holding admission of evidence of extraneous offenses not fundamental error); *Heiman v. State*, 923 S.W.2d 622, 624 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (same). Accordingly, we hold that Appellant has preserved nothing for us to review. Appellant's first issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant contends that he received ineffective assistance of counsel at his trial on punishment. Specifically, Appellant argues that his trial counsel was ineffective because

4

he (1) failed to object to the testimony set forth in Appellant's first issue or otherwise preserve error for appeal, (2) file and urge pretrial motions in limine regarding any alleged out of court statement or admission by Appellant, and (3) object or otherwise preserve error as to the resulting improper jury argument made by the State regarding Appellant's alleged improperly admitted statements.

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous

other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

In the case at hand, Appellant notes in his brief instances of his attorney's allegedly poor performance at trial. Yet, the record is silent as to the reasons underlying Appellant's counsel's alleged ineffective acts and omissions during the trial of the case at hand. As a result, Appellant cannot overcome the strong presumption that his counsel performed effectively. Therefore, we hold that Appellant has not met the first prong of *Strickland* because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. Thus, we cannot conclude that Appellant's trial counsel was ineffective. Appellant's second issue is overruled.

<u>**DISPOSITION**</u>

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

<u>**JAMES T. WORTHEN**</u>
Chief Justice

Opinion delivered June 30, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6