**Opinion filed December 18, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00280-CR
_____

**JOHNNY LEROY CAMPBELL JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR57601**

## M E M O R A N D U M   O P I N I O N

Appellant, Johnny Leroy Campbell Jr., was indicted for the first-degree felony offense of continuous sexual abuse of a young child.  *See* TEX. PENAL CODE ANN. § 21.02(b), (h) (West Supp. 2025).  The jury convicted him of the lesser-included offense of aggravated sexual assault of a child.  *Id.* § 22.021(a)(1)(B).  The jury assessed his punishment at confinement for nine years in the Institutional Division of the Texas Department of Criminal Justice.  In two issues on appeal, Appellant

asserts that the trial court erred in allowing "extraneous conduct testimony" and that the evidence was insufficient to support his conviction. We affirm.

*The Trial Court's Order Sealing the Entire Appellate Record*

Before we can analyze Appellant's issues on appeal, we must first address the trial court's order sealing the entire clerk's record and the entire reporter's record. Because the sealing of the entire appellate record impacts this court's ability to address the issues raised by the parties without violating the trial court's sealing order, we address the propriety of the trial court's sealing order. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), 47.3 ("All opinions of the courts of appeals are open to the public and must be made available to public reporting services, print or electronic.").

On December 11, 2023, the trial court signed an order sealing "all volumes of the Reporter's Record and the entire Clerk's Record" in this case, citing Rule 9.10 of the Texas Rules of Appellate Procedure as authority for its order. *See* TEX. R. APP. P. 9.10. The trial court's order further provided that the record was "only to be released and/or viewed by the Appellate Attorneys of record." The record does not contain a motion from either party seeking the entry of the sealing order.

While Rule 9.10 permits portions of the record to be sealed, it does not permit the *entire* appellate record to be sealed. *See id.* The Tenth Court of Appeals has recognized that no statute or rule permits the entire appellate record to be sealed. *See Modester v. State*, No. 10-22-00142-CR, 2023 WL 2601362, at *2 (Tex. App.—Waco Mar. 22, 2023, no pet.) (mem. op., not designated for publication). We agree with our sister court.

We understand the concern for protecting the privacy rights of crime victims, but there is no legal authority to support sealing the entire record in this case. *See id.* Article 38.45 of the Texas Code of Criminal Procedure provides specific rules

2

for sealing a *portion* of the record with respect to evidence depicting or describing abuse of or sexual conduct by a child or minor. TEX. CODE CRIM. PROC. ANN. art. 38.45 (West Supp. 2025); *see* TEX. R. APP. P. 9.10(g) (materials required by statute to be sealed, redacted, or kept confidential, such as those items set out in Article 38.45, must be treated in accordance with the pertinent statutes). This statute prohibits the copying or dissemination to the public of the material protected by the statute. CRIM. PROC. art. 38.45. In this regard, Article 38.45 prohibits a court from making certain property or material available to the public or available for copying and dissemination to the public, namely: (1) child pornography and certain visual material depicting a minor, and (2) the recording of a child victim's forensic interview or other oral statement made by the child. *Id.*; *see* CRIM PROC. art. 38.071, §§ 2, 5 (West 2023); PENAL §§ 43.26(a-1)(1), (a-2)(2), 43.261. While Article 38.45 directs that the trial court "place [the] property or material described [above] under seal of the court on conclusion of the criminal hearing or proceeding," the statute does not permit sealing the entire appellate record. *See* CRIM. PROC. art. 38.45. And Article 38.45 does not preclude the issuance of an appellate court opinion that complies with the Rules of Appellate Procedure.[1]

As noted previously, the court of appeals must issue a written opinion that is available to the public that addresses every issue raised and necessary to the disposition of the appeal. *See* TEX. R. APP. P. 47.1, 47.3. To the extent that the trial court's order precludes us from addressing Appellant's issues and issuing an opinion, we set it aside.

---

[1]In compliance with the trial court's order, we will continue to keep the clerk's record and the reporter's record filed under seal in this cause, protected from copying or dissemination to the public. *See* TEX. R. APP. P. 9.10(g). We are only disclosing those portions of the record that are necessary to issue the appellate opinion in this cause.

*Background Facts*

The victim in this case, B.S.[2], was eleven years old at the time of trial. When she was a toddler, B.S. and her twin brother (Brother) lived with their mother (Mother) and Mother's boyfriend, Appellant. B.S. and Brother went to stay with their paternal grandmother after Mother began losing her vision and Appellant developed health issues. The children's father (Father) obtained custody of them, and B.S. and Brother then lived with Father and Stepmother. Mother had visitation rights with B.S. and Brother.

While living with Father and Stepmother, B.S. told Stepmother that she needed to talk to her about something. B.S. then confided to Stepmother that Appellant had touched her private areas. She also said that Appellant had used a "toy" to touch her private areas. She described the "toy" as a "boy part" that was plastic and a pink or purple color. B.S. told Stepmother that it happened every time she went to Mother's for visitation. Father and Stepmother contacted law enforcement, and B.S. was taken to the Children's Advocacy Center in Waco for a forensic interview.

B.S. testified that Appellant had abused her in a "sexual way." She said that Appellant used a purple object that looked like a "boy's private" to touch her private area. She explained that Appellant would tell her to remove her pants and underwear and lie down on the bed. Then Appellant would spread her legs and use the object to "do it like sex." She described that the object had a power button and an "up and down" button. She said Appellant would "push the up button" and "do it like sex" and that it "burned" when he used it. B.S. testified that this happened every time she went to Mother's home for visitation. According to B.S., she told Mother what Appellant had done, but Mother did not believe her.

---

[2]To protect the identity of the victim, we use initials to refer to her. *See* TEX. R. APP. P. 9.10(a)(3). We also identify B.S.'s family members by their relationship to her.

4

At trial, Brother testified that one day while at Mother's residence, he went inside and knocked on the bedroom door, but no one responded. He heard "weird noises" that sounded like wrappers, and he looked under the crack at the bottom of the door. According to Brother, he saw B.S.'s pants and underwear on the floor. He also saw a box for what he described as that "little thingy" that looked like a boy's private. Brother could hear B.S. in the bedroom saying "stop" multiple times. Brother said that he went and told Mother what he had seen and that she then told Appellant to stop. Brother recalled that after Mother told Appellant to stop, it happened again on that same day. Mother again told Appellant to stop, and Brother was not aware of it happening again.

Dr. Soo Battle, a pediatrician who works as a child sexual abuse examiner, performed a "delayed outcry medical exam" on B.S. Dr. Battle prepared a written report based upon her examination of B.S., and the report was admitted into evidence without objection. Dr. Battle referred to her report during her testimony. She said B.S. told her that Appellant was "doing sexual stuff" with her. B.S. told Dr. Battle that Appellant used a "big thing" that "looked like a man's part" and that he would "put it in" her. B.S. explained to Dr. Battle that Appellant would have her take her pants and underwear down to her ankles and then spread her legs. Dr. Battle testified that B.S. recounted that Appellant would then put "that thing" inside of her "no-no spot." Dr. Battle clarified that B.S. was pointing to her "front genitalia area" and stating that it was "[i]n the middle." B.S. said that it happened every time she went to visit Mother. B.S. also told Dr. Battle that Appellant would "show [her] videos of him and other girls doing the same stuff."

*Analysis*

In his first issue, Appellant argues that the trial court erred in admitting Dr. Battle's testimony of his "extraneous conduct." In his second issue, he contends

5

that the evidence is insufficient to support his conviction. We will first address his sufficiency issue.

*Sufficiency of the Evidence*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight witness testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of

liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means. PENAL § 22.021(a)(1)(B)(i). Appellant contends that "no rational trier of fact could have found beyond a reasonable doubt that he committed the offense due to the lack of physical, forensic, or medical evidence to corroborate the allegations." Specifically, Appellant directs his evidentiary challenge toward the element of penetration.

Appellant acknowledges that the uncorroborated testimony of a child victim is sufficient to support a conviction for aggravated sexual assault of a child. *See* CRIM. PROC. art. 38.07; *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd). Appellant argues, however, that B.S. did not testify that Appellant penetrated her sexual organ.

Penetration may be established through circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133–34 (Tex. Crim. App. 1990). The slightest penetration is sufficient to uphold the conviction. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (quoting *Nilsson v. State*, 477 S.W.2d 592 (Tex. Crim. App. 1972)). Penetration includes pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view even when one is naked. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).

"The Texas Court of Criminal Appeals has for decades recognized that child victims cannot be expected to testify with the same clarity and ability that is expected of mature and capable adults." *Wishert*, 654 S.W.3d at 328 (citing *Villalon*, 791 S.W.2d at 134). B.S. testified that Appellant had her lie down on the bed and spread her legs. She further testified that Appellant used an object that looked like a "boy's private" and that it had a power button. B.S. testified that Appellant would "push

the up button" and "do it like sex." When asked what she "could feel" when "he was using that object," B.S. replied that it burned. The Seventh Court of Appeals recognized in *Green v. State* that a child experiencing pain, specifically burning, in her female sexual organ can constitute evidence of penetration. 209 S.W.3d 831, 832–33 (Tex. App.—Amarillo 2006, pet. ref'd).

In addition, Dr. Battle testified that B.S. told her Appellant used a thing that looked like a man's part and put it "*inside* her no-no spot." (Emphasis added). Dr. Battle noted that B.S. was referring to her genitalia. The factfinder is permitted to make reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. Although B.S. did not specifically testify that Appellant penetrated her sexual organ, based upon the testimony of B.S. and Dr. Battle, a reasonable factfinder could have logically inferred that Appellant penetrated B.S.'s sexual organ.

Appellant maintains that there was no physical, forensic, or medical evidence to corroborate the allegations of penetration. Dr. Battle testified that B.S.'s physical exam was normal as expected because "90 to 95 percent of those exams are going to be normal." We further note that several years transpired between the alleged assault and Dr. Battle's examination of B.S.

Corroboration of the victim's testimony by medical or physical evidence is not required to obtain a conviction for a sexual offense. *Wishert*, 654 S.W.3d at 328. We hold that the record before us contains sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant was guilty of the offense of aggravated sexual assault of a child. Accordingly, we overrule Appellant's second issue.

*Dr. Battle's Testimony Regarding the Defendant's Conduct*

In his first issue, Appellant contends that the trial court erred in admitting Dr. Battle's testimony with respect to Appellant showing B.S. videos. After

Dr. Battle testified about B.S.'s statements describing the sexual assault, the State asked if B.S. told Dr. Battle anything else. Dr. Battle responded by reading from her report, "She did note, quote, [h]e used to show me videos of him and other girls doing the same stuff." Appellant objected that the testimony about the videos was irrelevant.[3] The trial court asked the State if this was information "that's on the record that's already been admitted." The State responded affirmatively, and the trial court allowed the testimony.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001). We will also uphold a trial court's evidentiary ruling if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 125–26 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

The State asserts that Appellant did not preserve error because Appellant did not object when Dr. Battle's report was admitted without objection prior to the admission of Dr. Battle's complained-of testimony. The record shows that Dr. Battle's complained-of testimony about the videos was a direct quote from her report. Any error in admitting evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Coble*, 330 S.W.3d at 282. Thus, even if Dr. Battle's testimony was

---

[3]Appellant's trial counsel also asserted that the testimony about the videos violated the trial court's order granting Appellant's motion in limine. Appellant does not assert on appeal a violation of the limine order other than to assert that the prosecutor acknowledged a violation. *See Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd) (explaining that an objection asserting a claimed violation of an order granting a motion in limine preserves nothing for appellate review).

erroneously admitted, any error was harmless because the report containing the complained-of evidence was admitted without objection. *See id.*

Moreover, the only objection that Appellant made at trial was that the evidence of the videos was not relevant.[4] To be admissible at trial, evidence must be relevant. TEX. R. EVID. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. The record does not establish that the trial court abused its discretion by overruling Appellant's relevancy objection to evidence about Appellant's conduct with the same child victim that involved activities of a similar nature. Accordingly, we overrule Appellant's first issue.

### This Court's Ruling

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

December 18, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[4]Appellant has briefed numerous other grounds for excluding Dr. Battle's testimony about the videos, including the hearsay rule, Rule 403, and Rule 404 of the Texas Rules of Evidence. *See* TEX. R. EVID. 403, 404, 803. However, these grounds were not preserved for appellate review by an objection at trial. *See* TEX. R. APP. P. 33.1.